UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELLIOTT BAMFORTH,<br><br>            Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>            Defendant. | CASE NO. 13-cv-05618 BHS<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: June 13, 2014 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 16, 17, 18).

After considering and reviewing the record, the Court finds that the ALJ failed to properly incorporate all opined limitations from examining doctor Diana Frey, Ph.D. into the Residual Functional Capacity ("RFC") finding and failed to provide specific and legitimate reasons to discredit the limitations. Because this was not harmless error, this matter should be reversed and remanded for further proceedings.

## BACKGROUND

Plaintiff, ELLIOTT BAMFORTH, was born in 1979 and was 29 years old on the alleged date of disability onset of December 31, 2008 (*see* Tr. 148, 154). Plaintiff did not graduate, nor does he have his GED (Tr. 37-38). Plaintiff states he last worked in 2003 when he worked for five years loading and unloading produce from trucks (Tr. 37-39).

The ALJ found that plaintiff has at least the severe impairments of "Methamphetamine and cannabis abuse induced anxiety disorder with alleged panic attacks along with psychotic disorder not otherwise specified ("NOS") and mood disorder NOS. The medical evidence of record reflects no significant physical medical impairment (20 CFR 404.1520(c) and 416.920(c))" (Tr. 24). At the time of the hearing, plaintiff was homeless (Tr. 37, 41).

## PROCEDURAL HISTORY

On May 26, 2010, plaintiff protectively filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr. 73-74, 148-53, 154-57). The applications were denied initially and following reconsideration (Tr. 77-92, 94-105). Plaintiff's requested hearing was held before Administrative Law Judge Paul Robeck ("the ALJ") on March 30, 2012 (*see* Tr. 33-68). On April 27, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 18-32).

On May 21, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in July, 2013 (*see* ECF No. 1). Defendant filed the sealed administrative record regarding this matter ("Tr.") on October 3, 2013 (*see* ECF Nos. 10, 11).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ erred in failing to include any limitations on plaintiff's mental abilities while finding a moderate limitation in concentration, persistence, and pace; and (2) Whether the ALJ erred in failing to include limitations recommended by the consultative examiner or giving reasons for excluding them (*see* ECF No. 16, p. 2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Did the ALJ err in failing to include any limitations on plaintiff's mental abilities while finding a moderate limitation in concentration, persistence, and pace?**

At step three of the sequential evaluation the ALJ found plaintiff to have mild restrictions in activities of daily living, and moderate difficulties in maintaining social

functioning and in maintaining concentration, persistence, and pace (Tr. 26). Because plaintiff was not found to meet or equal a listing at step three, the ALJ determined plaintiff's RFC and found him capable of performing "a full range of work at all exertional levels but with the following nonexertional limitations: He is limited to no more than occasional contact with co-workers, supervisors and the general public." *Id.* Plaintiff argues the ALJ erred by failing to incorporate any limitations into the RFC to account for plaintiff's moderate limitation in maintaining concentration, persistence and pace (ECF No. 16, p. 5-6). Defendant concedes, and this Court agrees, that the ALJ should have made a specific finding in the RFC assessment related to plaintiff's moderate limitation in concentration, persistence, and pace (ECF No. 17, p. 5) However, in this case, defendant argues, the error was harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial

rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

At the hearing, the ALJ posed only one hypothetical question to the vocational expert ("VE").  The hypothetical mirrored the ALJ's RFC finding, but with the additional limitation to only "simple, repetitive tasks."  (Tr. 26, 60).  The VE testified someone with those limitations would be capable of performing both of plaintiff's past jobs.  *Id.*  Based on the record as a whole, and the fact that the ALJ only posed one hypothetical to the VE, it is reasonable to assume the ALJ intended plaintiff's RFC finding to include the limitation to simple, repetitive tasks. The failure to include this limitation appears to be a scrivener's error.

Further, neither plaintiff nor defendant contest that the limitation to simple, repetitive tasks would adequately account for a moderate limitation in concentration, persistence and pace.  The VE testimony shows that had the limitation to simple, repetitive tasks been included in the RFC finding, the ALJ's step four finding and ultimate disability determination would not change (*See* Tr. 60).  Therefore, the ALJ's error in failing to include this limitation in the RFC finding was harmless.  *See Molina*, 674 F.3d at 1115.

**(2)   Did the ALJ err in failing to include limitations recommended by the consultative examiner or giving reasons for excluding them?**

Diana Frey, Ph.D., examined plaintiff on October 3, 2010 as part of a psychological consultative evaluation (Tr. 353-60).  She diagnosed plaintiff with psychotic disorder NOS, mood disorder NOS, methamphetamine/cannabis induced

anxiety disorder with panic attacks, rule out Schizoaffective Disorder, and rule out paranoid personality disorder (Tr. 359). She measured his GAF score at 40 and offered the following functional assessment:

> The claimant can reasonably be expected to understand and carry out specific instructions and to sustain a steady pace of work to complete a task and reach a desired outcome, as long as the task is not too complex. However, he would likely need explicit instructions and adequate supervision to ensure that he is clear about work expectations and so that there is an opportunity to monitor his thinking process. Because of his distrust of others, he would likely do better in positions where there are easily defined, objective criteria by which to judge his work performance. Also, the claimant would likely respond more positively to an environment where he is allowed to keep to himself and focus on his work rather than having to constantly interact with supervisors, peers, and the general public, as he would probably be challenged in his ability to appropriately listen and respond. The claimant will likely do better with structure and predictability, which will likely decrease the chance that he will become agitated or otherwise dysregulated in a work-like setting.

(Tr. 359). In evaluating this opinion, the ALJ noted:

> In sum, the above residual functional capacity assessment is supported by the consultative psychological evaluation by Dr. Frye, which the undersigned gives great weight. As noted above, Dr. Frye opined that the claimant can not do complex or detailed tasks (but can understand and carry out specific instructions probably low semi-skilled and simple), as well as have no more than occasional contact with the public, coworkers and supervisors (Ex. 3F). The functional limitations listed by Dr. Frye are fully incorporated into the residual functional capacity (RFC) set forth above.

(Tr. 27-28). Plaintiff argues that, despite according great weight to this opinion, the ALJ failed to properly incorporate all of Dr. Frey's opined limitations into the RFC finding. (ECF No, 16, p. 7-8). This Court agrees.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is

contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31. In this case, while the ALJ stated that he gave great weight to the Dr. Frey's entire opinion, he did not incorporate all of Dr. Frey's opined limitations into the RFC finding. The ALJ was required to provide at least specific and legitimate reasons for discounting the parts of the opinion not incorporated into the RFC finding, and committed reversible error in failing to do so.

Defendant argues that the ALJ properly accounted for all of Dr. Frey's limitations in the RFC finding by limiting plaintiff to simple, repetitive tasks. (ECF No. 17, p. 9-10). While an ALJ's RFC finding need not be identical to credible medical opinions, it does need to be consistent with them. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."); *Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (accepting limitations that were "entirely consistent" with physician's evaluation). Here, even if the Court assumes the RFC finding was meant to include a limitation to simple, repetitive tasks, this limitation alone is not consistent with all opined limitations from Dr. Frey.

Most notably, Dr. Frey opined plaintiff would have many limitations regarding the type of supervision he would require. Dr. Frey opined plaintiff would need "explicit instructions and adequate supervision to ensure that he is clear about work expectations and so that there is an opportunity to monitor his thinking process." (Tr. 359). She also opined he would "likely do better in positions where there are easily defined, objective

criteria by which to judge his work performance." *Id*. Dr. Frey's opinion seems to imply plaintiff would need more than the typical level of supervision to ensure he completes tasks, and defendant provides no support for a conclusion that all "simple, repetitive work" would provide this specialized level of supervision.

Further, while the ALJ does address plaintiff's social functioning by limiting him to occasional contact with the public, coworkers, and the general public, this also fails to adequately incorporate the limitations related to supervision (Tr. 26). Dr. Frey's opined limitations related to the quality of the supervision needed, not the quantity. The limitations opined by Dr. Frey may have a vocational impact, which could affect the ultimate disability determination. Therefore, the ALJ's failure to include these limitations into the RFC finding, or provide specific and legitimate reasons to discredit them, was harmful error. *See Molina*, 674 F.3d at 1115.

## CONCLUSION

The ALJ gave great weight to the opinion of Dr. Frey, but failed to properly incorporate all of Dr. Frey's opined limitation into the RFC finding. Further, he failed to provide specific and legitimate reasons to discredit those limitations.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.

1  Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

2  purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

3  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

4  matter for consideration on June 13, 2014, as noted in the caption.

5        Dated this 21st day of May, 2014.

 

                                            J. Richard Creatura
                                            United States Magistrate Judge